LUTTIG, Circuit Judge,
respecting the denial of rehearing en banc.
As have the other circuit courts that have addressed like issues, my colleagues have struggled with this case because they have assumed, in oversimplification, that *245 all speech must be either that of a private individual or that of the government, and that a speech event cannot be both private and governmental at the same time. In their collective defense, our court and our sister circuits have all so assumed because, to this point, the Supreme Court has always held that speech is either private or governmental, and it has never held that a message can be both that of a private individual and that of the government. However, the “government speech” doctrine is still in its formative stages, and, as yet, it is neither extensively nor finely developed. And I believe that it is as a consequence of this doctrinal underdevelopment that my colleagues find themselves, at the same time, analytically unsatisfied but insistent upon polar opposite conclusions with respect to what seemingly should be a simple answer to a straightforward question.
However, in the underdevelopment of the “government speech” doctrine lies not only the source of the confusion, but also the simple answer — recognition that, although the doctrine may not have previously recognized such, speech in fact can be, at once, that of a private individual and the government. Although the Supreme Court could ultimately choose either to ignore or to refuse to recognize this descriptive fact because of sheer practical considerations, I believe that, with time, intellectual candor actually will force the Court instead to fully recognize this fact doctrinally.
When the Supreme Court is finally confronted with the case in which this elaboration upon its “government speech” doctrine is compelled, I am convinced that our court in turn will, upon reflection, conclude that at least the particular speech at issue in this case is neither exclusively that of the private individual nor exclusively that of the government, but, rather, hybrid speech of both. Indeed, as I have thought about the matter, I believe that the speech that appears on the so-called “special” or “vanity” license plate could prove to be the quintessential example of speech that is both private and governmental because the forum and the message are essentially inseparable, the consequence being that it is difficult if not impossible to separate sufficiently what is indisputably the speech act by the private speaker from what is equally indisputably the speech act by the government.
While all of my colleagues have focused on the license plate as a whole in their respective analyses, this aspect of their analyses is, too, overly simplistic. It causes the one side of the debate to conclude, unconvincingly, that the special plate is entirely private speech (merely because it is a “special” plate), and it causes the other to conclude, no less unconvincingly, that there is no private speech at all within the four corners of the license plate (because, and simply because, the government owns and controls the plate).
In truth, of course, when one focuses properly on the particular speech in question here — only the background of the special license plate in question, which comprises the words “Sons of Confederate Veterans” and the confederate flag logo— it is (to borrow Judge Niemeyer’s phrase in support of a quite different position from his) “impossible to avoid the conclusion” that not only the government, but also the private individual who displays the license plate on his vehicle, communicates via this speech.
Even if it is only a relatively small feature of the overall identification package, the specially-authorized background is no less a feature of the government’s internal and external identification of the vehicle, and therefore is government speech. And *246 this is even putting aside the facts that the government owns the license plate in perpetuity and authorizes all special plates legislatively, and that there is always at least some risk that the background message will be wrongly attributed to the government.
But it is equally clear that the requested background is also (indeed, it would appear even more so) the private speech of the individual owner of the vehicle. When a special license plate is purchased, it is really the private citizen who engages the government to publish his message, not the government who engages the private individual to publish its message, as in cases like Rust v. Sullivan, 500 U.S. 173, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991), and Wooley v. Maynard, for example. Indeed “but for” the private organization’s and the private individual’s action, the special license plate would not even exist; the private organization must request that a special plate be made and propose its design, and private individuals must request that they be issued such a plate and pay for it over and above the cost exacted for a standard license plate. And if the government has any nonpecuniary interest in the public identification of individual vehicles with particular private organizations, it is minimal.
It was doubtless out of recognition of these facts that the Supreme Court as much as held in Wooley v. Maynard, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), that even license plate speech that is compelled by the government implicates private speech rights, as Judge Williams correctly observes in dismissal of Judge Niemeyer’s contrary inference that Wooley stands for precisely the opposite proposition. A fortiori must it be the case that speech placed on a license plate by the government for a fee at the request of a private organization or individual is at a minimum partly the private speech of that organization or individual.
No one, upon careful consideration, would contend that, simply because the government owns and controls the forum, all speech that takes place in that forum is necessarily and exclusively government speech. Such would mean that even speech by private individuals in traditional public fora is government speech, which is obviously not the case. While I suppose it is arguable that where the government totally funds private speakers to convey a government message, the speech of those private individuals is necessarily government speech (and the Supreme Court has so held), this is certainly not the case where, as here, the government voluntarily opens to the public at large, for the purpose of designated speech, property that the private individual is not merely entitled to access, but actually required to display. If this were not self-evident, it should be beyond debate after Wooley. And in fact, not even Judge Niemeyer, though he inconsistently concludes otherwise, can help but acknowledge that private, as well as government, speech is implicated in a circumstance such as this: “The fact that the licensee also speaks by choosing to display a customized but authorized version of the license plate does not change the fact that the license plate itself was the issue of the State and therefore constitutes government speech.” Post at 251 (Niemeyer, J., dissenting from denial of rehearing en banc).
Of course, because the Supreme Court has yet to recognize that speech can be both private and governmental at the same time, one cannot be certain of the regulatory limitations that the Court will fashion once it limits the government speech doctrine to recognize that some speech hitherto deemed to be exclusively that of the government is, inescapably, also private *247 speech. But without even attempting to foretell those limitations here, I think it is fair to assume that, at least where the government has voluntarily opened up for private expression property that the private individual is actually required by the government to display publicly; the private speech component of the particular communication is significant (whether or not it is significant in comparison to the government’s like speech component in that communication); and the government’s interest in its speech component is less than compelling, the government will be forbidden from engaging in viewpoint discrimination among the various private speakers who avail themselves of the government’s offer.
It is on the twin understandings outlined above — namely, that the speech at issue in this case is both private and governmental in character (and actually, I believe, more the former), and that at a minimum therefore the government may not engage in viewpoint discrimination among those wishing to display the design of their organization as the background for their license plates — that I do not believe that this case warrants further consideration by the full court, at least in the absence of a petition for rehearing en banc by either party to the litigation. For, given the view that I have stated herein that the speech at issue is hybrid in nature, not exclusively private, and the votes of those Members of our court who would rehear this case en banc, it is unlikely that there is a majority of our court that believes that the speech at issue in this case is purely private. Thus, the conclusion reached by the panel on the threshold, and concededly important, issue of whether private or government speech is at issue does not appear (and certainly does not appear necessarily) to represent the final, considered judgment of the Circuit.
In addition, if I am correct that, at the end of the day in this case, the government is yet prohibited from engaging in viewpoint discrimination, then the panel will have ultimately applied the correct standard to the government’s regulatory action, and I do not believe that its conclusion after application of that standard to the specific facts here is particularly worthy of full court review. This is so, especially given that the panel’s conclusion on this issue was narrow in scope, limited to the single statute in question, and the imposed prohibition therein, which in turn was limited to the single organization Sons of Confederate Veterans. And, even still, the panel’s conclusion rested in large part on an explicit representation by the Commonwealth Commissioner that the purpose of the statute was in fact to ban the confederate flag from the special plate authorized for that particular organization.
This is not to say, it seems clear to me, that the panel decision is, in either fact or effect, beyond further consideration. It is to say, rather, that should there arise a case where license plate speech is again implicated, and where either the government’s speech component is at least greater if not compelling (for example where at issue are the actual identifying numbers and letters that appear on all license plates), or where there is reason to believe that the government has, in this limited public or nonpublic forum engaged in no more than content discrimination in furtherance of and consistent with the purposes of the forum (or at least credibly argues such), there will be ample opportunity for the full court to revisit the important issues resolved by the panel.